## (December 17, 1981)

■ JOSEPH KWIATKOWSKI, Respondent-Appellant, v NATIONAL STUDENT MARKETING CORP. et al., Defendants, and PEAT, MARWICK, MITCHELL & Co. et al., Appellants-Respondents. — Order, Supreme Court, New York County (Shainswit, J.), entered March 13, 1981, granting plaintiff's motion to vacate a prior stay of this action and denying plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, with costs and disbursements, plaintiff's motion to vacate the prior stay is denied and plaintiff's motion for partial summary judgment is dismissed on this basis, to wit, the continuance of the stay. By prior order, entered August 5, 1975, Special Term stayed the prosecution of the instant action pending disposition of the consolidated actions pending in the Federal courts with leave to plaintiff "to move to vacate the stay upon proper showing that plaintiff has been unduly prejudiced by any subsequent developments in the said actions". We affirmed

such order (54 AD2d 845). Special Term now vacates this stay solely on the basis that "more than five years have passed without resolution of the federal actions, and plaintiff should not be further delayed from pursuing his rights in this forum based upon state causes of action." None of the circumstances underlying Special Term's prior order imposing the stay have substantially changed and plaintiff has not sufficiently demonstrated that he has been unduly prejudiced. Although the Federal actions may have taken longer than originally contemplated, plaintiff is a party to those actions which are now nearing disposition. Vacatur of the stay poses the threat of duplicative litigation and inconsistent determinations. Plaintiff's desire to have the State court pass upon the liability issue prior to the Federal courts is not a sufficient reason to vacate the stay. Accordingly, Special Term also erred in considering plaintiff's motion for partial summary judgment and denying same because of sharp factual disputes, as the stay of this action prevented such consideration and mandated dismissal of such motion. The condition affecting the original stay, which is reinstated by our determination, continues, to wit, that such stay is "with leave to move to vacate the stay upon proper showing that plaintiff has been unduly prejudiced by any subsequent developments in the [Federal] actions". Concur — Murphy, P. J., Sandler, Markewich and Lupiano, JJ.

Kupferman, J., concurs in a separate memorandum as follows: It was previously determined in August of 1975 that prosecution of the instant action should be stayed pending disposition of various actions pending in the Federal courts on the same subject. This court affirmed that determination without opinion (54 AD2d 845). In view of the substantial amount of time which has elapsed, Special Term was eminently justified in granting the plaintiff's motion to vacate the prior stay. It is only because an order of September of this year has set the trial of the Federal actions for February 16, 1982, as to which we are informed dehors the record, that we can come to the conclusion, as we do, that the vacatur of the prior stay should be reversed and the motion denied, with leave, of course, for a future motion to vacate the stay in the event the matter does not proceed expeditiously, as we have been informed in the Federal court.